```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


DION DAVIS,                      )
                                 )
            Movant,              )
                                 )
       v.                        )    No. 4:06CV16(CEJ)
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.          )
```

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Dion Davis to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1].

### Background

Movant pleaded guilty to one count of conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and 846; one count of distributing cocaine in violation of 21 U.S.C. § 841(a)(1); one count of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and one count of resisting a Federal Bureau of Investigation Agent in violation of 18 U.S.C. § 111.  See United States v. Davis, No. 4:99CR99 (CEJ) (E.D. Mo.).  Movant was sentenced to concurrent terms of 188 months imprisonment on the drug charges and a concurrent term of 120 months on the resisting a federal agent charge.  Id. Additionally, the Court sentenced movant to 5 years supervised release on the conspiracy charge and 3 years supervised release

on each of the other charges - all terms of supervised release to run concurrently.  Id.  Movant was also assessed $400 dollars in criminal monetary penalties.  Id.  Movant's appeal was dismissed as untimely.  United States v. Smith, No. 99-3154EMSL (8th Cir. Oct. 21, 1999).

**The motion**

Movant alleges that his convictions and sentences are invalid under the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005).

**Discussion**

Title 28 U.S.C. § 2255 now provides that a one-year period of limitations applies to § 2255 motions.  As applied to this case, movant's § 2255 is time barred.  Movant, however, apparently contends that his motion falls under § 2255(3) which provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(3).  Movant argues that Booker announced a new rule which the United States Supreme Court made retroactive to cases on collateral review.  Therefore, movant argues that his § 2255 motion is not time barred.

This argument is without merit.  The Eighth Circuit Court of Appeals has held that Booker does not apply

2

retroactively.  See <u>Never Misses a Shot v. United States</u>, 413 F.3d 781 (8th Cir. 2005).  Therefore, the instant § 2255 motion will be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] is **DISMISSED**.

An appropriate order shall accompany this memorandum and order.

Dated this 26th day of January, 2006.

_____
**UNITED STATES DISTRICT JUDGE**